PER CURIAM.
We reverse the final judgment of foreclosure of a real estate mortgage with respect to the determination that appellee’s mortgage lien is superior to that of appellant.
We agree that appellee’s mortgage lien is superior to that of appellant to the extent of $100,000, which was the amount of the initial loan by appellee to the mortgagor secured by appellee’s mortgage. Appel-lee’s mortgage was timely recorded and was known to appellant when appellant subsequently made a loan to the mortgagor secured by appellant’s recorded mortgage on the same property. However, we do not agree that the additional amount of the lien of appellee’s mortgage which includes an advance made by appellee to the mortgagor under the future advance clause of appel-lee’s mortgage subsequent to the making of appellant’s mortgage was superior to appellant’s mortgage lien.
Prior to the making of appellant’s mortgage appellee agreed in writing with appellant that appellee would make no advances under appellee’s mortgage like the advance described above. It is undisputed that ap-pellee, by making the foregoing future advance, breached that promise upon which appellant had relied in making the loan which was secured by its mortgage.
Section 697.04(l)(b), Florida Statutes (1985), which provides a method for the mortgagor to limit the amounts secured under a future advance clause in a mortgage, does not, in our view, mean that a mortgagee like appellee may not-be bound to another mortgagee by an agreement like that here upon which the other mortgagee relied as did appellant. Section 697.04(1)(b) does not address the circumstances of this case. Thus, we do not agree with appel-lee’s argument which would interpret section 697.04(1)(b) to permit no method of limiting future advances under a mortgage like that involved here except for the method provided in that section for the mortgagor to use. See Green, “Search Real Estate Records Before Making Future Advances,” 58 Fla.B.J. 704, 705 (Dec.1984). Absent specific statutory language which does not exist in section 697.04(1)(b), we do not conclude that the legislature intended to effectuate the type of change to longstanding practices of mortgage lenders which would be brought about by appel-lee’s interpretation.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and LEHAN and PATTERSON, JJ„ concur.